IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHNY ARIEL BATIZ RUIZ                                    PETITIONER

V.                                          Cause No. 5:26-cv-00139-DCB-BWR

MELISSA HARPER                                          RESPONDENTS
*ICE Area Field Director* et al.

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed pro se by Johny Ariel Batiz Ruiz. The Petition should be dismissed because Petitioner has been removed from the United States, making his request for release from immigration detention moot.

I. BACKGROUND

Petitioner is a native and citizen of Honduras who was "admitted to the United States . . . on or about 12/16/2018 as a B2-pleasure visa with authorization to remain in the United States for a temporary period not to exceed 06/15/2019." Notice to Appear [1-1]. Petitioner was taken into Immigration and Customs Enforcement (ICE) custody on November 9, 2025. Pet. [1] at 4. He filed his § 2241 Petition in this Court on March 5, 2026 seeking immediate release from ICE custody. *Id.* at 7.

On February 12, 2026, an immigration judge denied Petitioner's applications for asylum and withholding of removal and ordered that Petitioner be removed from the United States. *Id.* On March 17, 2026, the Court issued an Order to Show Cause to Petitioner because ICE's Online Detainer Locator System indicated that he was no longer in ICE custody. Order [2]. Petitioner responded to the Order to Show Cause

from Honduras, with the Court receiving his Response [3] by mail on April 3, 2026. Petitioner informed the Court that he was deported to Honduras on February 17, 2026 and is no longer in ICE custody. Pet'r Resp. [3] at 1.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.* The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition seeks Petitioner's release from immigration detention and is now moot because Petitioner has been released from immigration detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III. It is recommended that the Petition [1] be dismissed because it

is moot.

III. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this the 7th day of April 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

3