IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHNY ARIEL BATIZ RUIZ                                    PETITIONER
A 213-410-350

VS.                              CIVIL ACTION NO.5:26-CV-139-DCB-BWR

MELISSA HARPER, *ICE Area*
*Field Director*, ET AL.                                 RESPONDENTS


ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 4] of the United States Magistrate Judge entered herein on April 7, 2026, in this action brought pursuant to 28 U.S.C. § 2241.  Batiz Ruiz, a citizen of Honduras, challenged the duration of his detention during his removal proceedings under section 237(A)(1)(8) of the Immigration and Nationality Act.  Pet. [ECF No. 1] at 6-7; [ECF No. 1-1] at 34; see also 8 U.S.C. § 1229a (2006).  In the Report, Judge Rath recommended that the Petition [ECF No. 1] be dismissed as moot because Batiz Ruiz has been removed from the United States.  Petitioner, proceeding pro se, has failed to file objections to the Report by his deadline of April 21, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Petition [ECF No. 1], and the related filings. The Court observes that Petitioner responded to an Order to Show Cause [ECF No. 2] issued by the Court, confirming that he has been removed from the country. See [ECF No. 3]. However, Petitioner did not file objections to the Report within the time allowed under Rule 72(b)(2) of the Federal Rules of Civil Procedure. The docket further reflects that the Report was returned as "undeliverable" on May 1, 2026. Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full.

In his Report, Judge Rath determined, after a thorough review of the applicable law, that Batiz Ruiz's removal mooted these proceedings. The Court agrees. See, e.g., Francis v. Lynch, 622 F. App'x 455, 455-456 (5th Cir. 2015) (holding that the petitioner's challenge to the duration of his detention pending removal became moot when he was removed from the United States); see also John v. U.S. Immigration and Customs Enforcement, No. 3:25-CV-1844-B-BW, 2026 WL 569043 (N.D. Tex. Feb. 6, 2026)

(dismissing ICE detainee's § 2241 petition without prejudice as moot upon evidence of his removal from the United States).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Accordingly, Batiz Ruiz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] should be dismissed without prejudice as moot.  Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 4th day of May, 2026.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

3